# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ABRAHAM MOORE, III,

    Plaintiff,

v.                                    Civil Case No.: SAG-17-1669

COMMISSIONER,
SOCIAL SECURITY

    Defendant.

## MEMORANDUM OPINION

On June 19, 2017, Plaintiff Abraham Moore, III ("Mr. Moore") petitioned this Court to review the Social Security Administration's final decision to deny his claim for disability benefits. [ECF No. 1]. Currently pending is the Commissioner's Motion to Dismiss Mr. Moore's Complaint. [ECF No. 12]. Mr. Moore, who appears *pro se*, has not filed a response.[1] I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons explained below, I will grant the Commissioner's Motion to Dismiss.

On March 10, 2017, the Appeals Council mailed Mr. Moore notice of its decision denying his request for review of an adverse decision issued by an Administrative Law Judge, regarding his claim for benefits. [ECF No. 12-2, Cousins Decl., Exh. 8]. That notice also advised Mr. Moore of his statutory right to commence a civil action within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g)-(h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Mr. Moore has

---

[1] The Clerk's Office mailed a Rule 12/56 letter to Mr. Moore on August 31, 2017, explaining that his case could be dismissed if he failed to respond to the Commissioner's pending motion. [ECF No. 13].

not alleged that he received the notice outside of the statutory time period. He therefore had to file his civil action on or before May 14, 2017. Instead, Mr. Moore filed his complaint over one month late, on June 19, 2017. [ECF No. 1].

Congress has authorized lawsuits seeking judicial review of decisions by the Commissioner only under certain limited conditions, including specified filing deadlines. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). The limitations period must therefore be strictly enforced, absent (1) an agreement by the Commissioner to toll the deadlines, or (2) a valid basis for equitable tolling of the deadlines. "[B]ecause of the importance of respecting limitations periods, equitable tolling is appropriate only 'where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action.'" *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 280 (4th Cir. 2000) (citing *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)). Mr. Moore has not alleged, and the record does not reflect, any misconduct on the part of the Commissioner in this case. As a result, equitable tolling is not warranted. Mr. Moore filed his case after the statutory limitations period had run. Accordingly, the Commissioner's Motion to Dismiss is granted.

**CONCLUSION**

For the reasons set forth above, the Commissioner's Motion to Dismiss, [ECF No. 12], is GRANTED, and the Clerk is directed to CLOSE this case.

A separate order follows.

Dated: September 22, 2017                                              /s/
                                                              Stephanie A. Gallagher
                                                              United States Magistrate Judge